

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2009

# USA v. Joseph Allen

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2741

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Joseph Allen" (2009). *2009 Decisions.* Paper 1115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2741

UNITED STATES OF AMERICA

v.

JOSEPH ALLEN,
                                   Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-07-cr-00467-001)
District Judge: Honorable Jan E. Dubois

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2009

Before: AMBRO, ROTH, Circuit Judges and FISCHER[*], District Judge

(Opinion filed: June 29, 2009)

OPINION

AMBRO, Circuit Judge

    Joseph Allen pled guilty to contempt of court, in violation of 18 U.S.C. § 401(3),

---

[*]Honorable Nora Barry Fischer, United States District Judge for the Western District
of Pennsylvania, sitting by designation.

and was sentenced to 25 months' imprisonment. He now appeals his sentence. We affirm.[1]

Because we write only for the parties, we will recite only those facts necessary to our disposition. In July 2003, Allen participated in the armed robbery of a Philadelphia bank by acting as the switch-car driver. He subsequently pled guilty to conspiracy to commit armed bank robbery, armed bank robbery, and using and carrying a firearm in connection with a crime of violence, and cooperated with the Government by testifying against one of his co-conspirators. In addition, Allen informed authorities that his best friend, Kevin Jenkins, had participated in an unrelated crime involving a carjacking and a botched bank robbery. At sentencing, the Government moved for a downward departure from both the applicable Sentencing Guidelines range and the applicable mandatory minimum sentence based on Allen's cooperation. Ultimately, Allen was sentenced to 48 months' imprisonment, despite facing a Guidelines range of 125–135 months.

In June 2007, Allen was subpoenaed by the Government to testify against Jenkins at his trial in the Eastern District of Pennsylvania. Through his attorney, Allen advised the Government and the Court that he would not testify. The District Court conducted a hearing with Allen outside the presence of the jury at which it informed him that he had no Fifth Amendment privilege not to testify against Jenkins. It then allowed the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

Government to ask Allen the line of questions it intended to pursue at trial. When Allen refused to answer any of the Government's questions, the Court made a finding that Allen had willfully disobeyed its order. Jenkins was later convicted without Allen's testimony.

In August 2007, Allen was indicted by a grand jury in the Eastern District of Pennsylvania for contempt of court, in violation of 18 U.S.C. § 401(3). Five months later, Allen pled guilty pursuant to a plea agreement that included a waiver of his right to appeal (subject to certain exceptions). The Sentencing Guidelines do not provide a base offense level for § 401(3) violations, but rather direct the parties to apply the Guideline for the most analogous offense. *See* U.S.S.G. § 2J1.1 (instructing the parties to apply U.S.S.G. § 2X5.1 for § 401 violations, which in turn directs the parties to "apply the most analogous offense [G]uideline"). In calculating Allen's base offense level, the Probation Office determined that obstruction of justice was the most analogous offense, and, accordingly, assigned Allen's crime a base offense level of 14. *See* U.S.S.G. § 2J1.2. The Probation Office applied a two-level reduction for Allen's acceptance of responsibility, which, when combined with his criminal history category of IV, resulted in a Sentencing Guidelines range of 21 to 27 months.

At his sentencing hearing, Allen argued that he merited a below-Guidelines sentence because his conduct, even if analogous to obstruction of justice, did not involve threats or intimidation. The Government argued for an upward departure, contending that Allen's offense was "outside the heartland" of § 401(3) violations because he not only

disobeyed a court order to testify, but he did so after having received a substantial reduction of his earlier sentence based on his willingness to cooperate. The District Court sentenced Allen to 25 months' incarceration, and he timely appealed.

Allen's sole argument is that it was unreasonable to sentence him based on the offense level for an obstruction of justice violation because his "conduct in refusing to testify was so [de] minimus that it did not rise to the level of conduct required for a person to be guilty of obstruction of justice." Allen's Br. 8. In response, the Government contends that it was appropriate to analogize Allen's conduct to an obstruction of justice violation, and that, at any rate, Allen's appellate waiver bars him from challenging his sentence on that ground.

We consider three elements when the Government invokes an appellate waiver: was it "knowing and voluntary"; whether the appellate grounds being raised by the defendant fall outside the scope of the waiver; and does enforcing the waiver result in a "miscarriage of justice." *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). The Government has satisfied each of those elements here.

First, during Allen's plea colloquy, the Court twice explained the consequences of the appellate waiver to Allen and each time he acknowledged that he understood them. In addition, the Court took measures to determine that Allen was competent to make decisions on his own behalf and that he had discussed the terms of the plea agreement with counsel prior to entering his plea. That was sufficient to establish that Allen's

4

waiver of his appellate rights was knowing and voluntary. *See* Fed. R. Crim. Pro. 11(b)(N) ("Before the [C]ourt accepts a plea of guilty . . . the [C]ourt must address the defendant personally in open court [and] inform the defendant of, and determine that the defendant understands, . . . the terms of an plea-agreement provision waiving the right to appeal . . . .").

Second, the specific challenge Allen is bringing does not fall within one of the waiver's narrow exceptions. The waiver reserved to Allen the right to appeal his conviction or sentence if (1) the Government appeals; (2) the sentence he received is above the statutory maximum; (3) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and (4) the sentencing judge imposed an unreasonable sentence above the final Guidelines range as determined by the Court. None of those situations exists here.

Finally, we do not believe that enforcing Allen's appellate waiver would effect a miscarriage of justice. The decision to sentence Allen based on an analogy to an obstruction of justice violation was specifically contemplated by the Application Notes to § 2J1.1, which provide that "[i]n certain cases the offense conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that guideline to apply." U.S.S.G § 2J1.1 n.1. Moreover, courts of appeals have affirmed sentences based on analogies to obstruction of justice violations in similar circumstances. *See, e.g.*, *United States v. Marquardo*, 149 F.3d 36, 45–46 (1st Cir. 1998); *United States v. Remini*, 967 F.2d 754,

5

760 (2d Cir. 1992).  Thus, the most Allen can show is that the decision to sentence him by analogizing his conduct to an obstruction of justice violation was debatable.  But a "waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues."  *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (quoting *United States v. Howie*, 166 F.3d 1166, 1169 (11th Cir. 1999)).  Accordingly, enforcing Allen's appellate waiver will not work a miscarriage of justice.

\*   \*   \*   \*   \*

For these reasons, we will enforce the appellate waiver and affirm the judgment of the District Court.

6